**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Diann Gomez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CIV 11-705-TUC-LAB<br><br>**ORDER** |

Pending before the court are the defendant's motion to withdraw his answer (Doc. 24) and his motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 25).

The magistrate judge presides over this action having received written consent from both parties. Good cause appearing, the motions will be granted.

Discussion

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §§ 405(b) and 1383(c)(3). (Doc. 1) The defendant filed his answer and, shortly thereafter, the administrative record as required by statute. (Docs. 15, 16); 42 U.S.C. § 405(g) ("As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.").

1  On April 24, 2012, the plaintiff filed her opening brief.  (Doc. 17)  The defendant subsequently filed two motions to extend the deadline for filing a responsive brief, which were granted by this court.  On July 13, 2012, the defendant filed the two instant motions to withdraw his answer and remand pursuant to sentence six.  (Docs. 24, 25)

Apparently, the defendant discovered that the administrative record is not complete. (Doc. 24)  When the case was before the Appeals Council, the plaintiff supplemented the record with 97 pages of additional documents.  *Id*.  The Appeals Council considered those documents, but denied review.  *Id*.  The Appeals Council then, unfortunately, deleted those additional documents.  *Id*.  The administrative record submitted by the Commissioner pursuant to statute does not contain those supplementary documents and is therefore incomplete.  *Id*.  The plaintiff has produced a copy of the documents she sent to the Appeals Council, but that body is unwilling to certify that those documents are the same ones that were originally submitted and considered.  *Id*.

The first section of sentence six of 42 U.S.C. § 405(g) provides that,

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . .

This section of sentence six may be used to remand the case where the administrative record is incomplete.  *See Davis v. Astrue* 2008 WL 4582498, 1 (E.D.Cal. 2008); *Acevedo v. Barnhart*, 474 F.Supp.2d 1001, 1004 (E.D.Wis. 2007).  Accordingly, the defendant moves pursuant to sentence six that this case be remanded to allow the Appeals Council to consider, anew, the supplementary documents provided by the plaintiff and evaluate again the plaintiff's petition for review.  (Docs. 24, 25)

This sentence six remand, however, is only available "before the Commissioner files the Commissioner's answer."  42 U.S.C. § 405(g).  Accordingly, the defendant moves that he be allowed to withdraw his answer.  (Doc. 24)

Gomez argues that once the Commissioner's answer has been filed, remand is not available under the sentence six clause cited by the Commissioner.  (Docs. 26, 27)  She does

1  not specifically discuss whether or not it is possible for a defendant to withdraw a previously
2  filed answer. *Id*. She suggests that the Commissioner could simply file a supplement to the
3  administrative record, but she does not address the Appeals Council's apparent reluctance to do
4  so.

5        The court finds that, in the interest of justice, the Commissioner should be allowed to
6  withdraw his answer and move to remand pursuant to sentence six of 42 U.S.C. § 405(g). The
7  court has the inherent authority to permit a defendant to withdraw his answer and plead anew.
8  *Eberly v. Moore*, 65 U.S. 147, 158, 1860 WL 9942, 8 (1860); *Loeb v. Eastman Kodak Co.*, 183
9  F. 704, 710 (3rd Cir. 1910). And in this case, "the interests of the parties and the speedy
10 administration of justice" are both furthered by permitting him to do so. *Loeb*, 183 F. at 710;
11 *see also* Fed.R.Civ.P 1. Accordingly, the Commissioner's motion to withdraw his answer will
12 be granted.

13       With his answer withdrawn, the Commissioner is free to move for remand pursuant to
14 sentence six, and good cause appearing, the court will grant the motion. *See Davis v. Astrue*
15 2008 WL 4582498, 1 (E.D.Cal. 2008) ("Good cause is shown where, for example, there are
16 problems including an inaudible or lost tape recording of an administrative hearing."); *Acevedo*
17 *v. Barnhart*, 474 F.Supp.2d 1001, 1004 (E.D.Wis. 2007) ("[I]t is clear that the Commissioner's
18 inability to file a complete administrative record constitutes good cause for a sentence six
19 remand . . . ). Accordingly,

20       IT IS ORDERED that the defendant's motion to withdraw his answer (Doc. 24) and his
21 motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 25) are both
22 GRANTED. The Commissioner's answer is withdrawn (Doc. 15), and this matter is remanded
23 to the Commissioner under sentence six of 42 U.S.C. § 405(g).

24       DATED this 9th day of October, 2012.

Leslie A. Bowman
United States Magistrate Judge